IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 19-105-CJW |
| Plaintiff, | ) | |
| vs. | ) | |
| WILLIAM MEYER, | ) | GOVERNMENT'S SENTENCING |
| Defendant. | ) | MEMORANDUM |

The government submits the following memorandum to address issues to be decided by the Court at sentencing.

## TABLE OF CONTENTS

I. Summary of the Case ................................................................................. 1

II. The Court Should Impose the Proposed Special Condition of
Supervised Release in PSIR Paragraph 151 ..................................................... 2

III. Defendant Has the Ability to Pay a Fine and the Special Assessment
Under 18 U.S.C. § 3014 ................................................................................. 6

## I.   SUMMARY OF THE CASE

   A.   Possible Witness:  Casey Maxted, Federal Bureau of Investigation.

   B.   Exhibits:  None at this time.

   C.   United States Sentencing Guidelines Calculation:  The government agrees with the guidelines calculation in the Presentence Investigation Report.

   D.   The government will file a separate response to defendant's motion for a downward variance.

1

## II. THE COURT SHOULD IMPOSE THE PROPOSED SPECIAL CONDITION OF SUPERVISED RELEASE IN PSIR PARAGRAPH 151

Defendant argues that the Court should not impose the proposed special condition of supervised release outlined in PSIR paragraph 151. (Defendant's Brief at 2-4). This proposed special condition would prohibit him from accessing an Internet-connected computer or device with Internet capabilities without the prior written approval of the probation office and based on a justified reason. (PSIR ¶ 151).

In *United States v. Muhlenbruch*, 682 F.3d 1096 (8th Cir. 2012), the court stated:

> District courts have "wide discretion" to impose conditions of supervised release so long as they are "reasonably related" to (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the deterrence of criminal conduct; (4) the protection of the public from further crimes of the defendant; and (5) the defendant's educational, vocational, medicinal, or other correctional needs.

*Id.* at 1102 (quoting *United States v. Richart*, 662 F.3d 1037, 1056 (8th Cir. 2011)). "In addition, the conditions must not involve a 'greater deprivation of liberty than is reasonably necessary' to achieve such purposes, and must be consistent with the Sentencing Commission's policy statements." *Id.* at 1102-03 (quoting *Richart*, 662 F.3d at 1056); 18 U.S.C. § 3583(d).

"'In fashioning a special condition of supervised release, a court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" *United States v. Schaefer*, 675 F.3d 1122,

2

1124 (8th Cir. 2012) (quoting *United States v. Springston*, 650 F.3d 1153, 1156 (8th Cir. 2011), *vacated and remanded on other grounds*, 132 S. Ct. 1905 (2012)). "A special condition need not be related to all the factors; the factors are to be weighed independently." *Id.* (quoting *Springston*, 650 F.3d at 1155-56).

Regarding the special condition in PSIR paragraph 151, defendant argues that this condition involves a greater deprivation of liberty than is reasonably necessary, that it will prohibit him from functioning in society, and that it is overbroad. (Defendant's Brief at 3). Citing *United States v. Crume*, 422 F.3d 728 (8th Cir. 2005), he argues that a more narrowly tailored restriction should be imposed. (Defendant's Brief at 3-4).

In *Crume*, the defendant was convicted of receipt and possession of child pornography. 422 F.3d at 730. The court vacated the computer and Internet special condition, stating, "Although Mr. Crume has a lengthy history of grievous sexual misconduct, the record is devoid of evidence that he has ever used his computer for anything beyond simply possessing child pornography." *Id.* at 733.

In *United States v. Boston*, 494 F.3d 660 (8th Cir. 2007), this Court upheld a special condition preventing the defendant from accessing a computer without the permission of the probation office:

> Under special condition 14, Boston "shall not have access to or possess a computer at home or elsewhere without the prior written approval of the U.S. Probation Officer." A restriction on computer usage does not constitute an abuse of discretion if the district court has found that the defendant used his computer to do more than merely possess child pornography, particularly if the prohibition on computer usage is not absolute. *See United States v. Ristine*, 335 F.3d 692, 696 (8th Cir. 2003). Such findings may be based on any information other than materially false information. *See United States v. Sandifer*, 188 F.3d

3

> 992, 994 (8th Cir. 1999). The special condition here, prohibiting
> Boston from accessing or possessing a computer without written
> approval of his probation officer, did not constitute an abuse of
> discretion because it was not absolute and because evidence was
> presented at the suppression hearing that Boston had used a computer
> to print out images of child pornography which could easily have been
> done for the purpose of transferring them to others. *See Ristine*, 335
> F.3d at 696.

*Id.* at 668.

In *United States v. Goettsch*, 812 F.3d 1169 (8th Cir. 2016), the court found the district court did not plainly err in imposing a restriction on the defendant's use of the Internet and electronic devices. *Id.* at 1171. The court cited the two factors set forth in *Ristine*:

> In *Ristine* we identified two relevant factors for determining the
> propriety of a restriction on computer and internet use. *See* 335 F.3d at
> 696. We look to whether there was evidence demonstrating that "the
> defendant did more than merely possess child pornography," and
> whether the restriction amounts to a total ban on internet and
> computer use. *Id. Cf. United States v. Morais*, 670 F.3d 889, 896 (8th
> Cir. 2012) (holding there is no "per se rule that a district court may
> never impose a prior-approval Internet use restriction based on a
> defendant's receipt and possession of child pornography").
>
> The record demonstrates that for the past decade Goettsch actively
> downloaded thousands of child pornography images, some of which
> involved "depictions of violence" and portrayed children younger than
> 12 years old. *See id.* at 896-97. Goettsch also shared files over the
> internet through a file sharing program. The computer and internet
> restriction imposed by the district court in this case is reasonable
> because it is not a total ban on internet and computer use. Goettsch
> may access computers for employment purposes and may obtain
> permission from his probation officer to use a computer for any other
> legitimate personal purpose. *See* [*United States v.*] *Koch*, 625 F.3d
> [470,] 482 [(8th Cir. 2010)].

*Id.; see United States v. Notman*, 831 F.3d 1084, 1089 (8th Cir. 2016) ("Two relevant factors for determining the propriety of a restriction on computer and Internet use

4

include whether the defendant did more than merely possess child pornography and whether the restriction is a total ban." (citing *Ristine*, 335 F.3d at 696)).

In *United States v. Newell*, 915 F.3d 587 (8th Cir. 2019), the court upheld the modification of the defendant's conditions of supervised release to prohibit him from accessing the Internet without the prior written approval of his probation officer:

> With regard to restricting access to Internet-connected devices, we consider relevant "whether the defendant did more than merely possess child pornography and whether the restriction is a total ban." *United States v. Notman*, 831 F.3d 1084, 1089 (8th Cir. 2016) (citing *United States v. Ristine*, 335 F.3d 692, 696 (8th Cir. 2003)). When analyzing the first factor a court may consider the sadistic or masochistic nature of the depictions in question. *Id.* Both factors support the district court's modified condition. The district court found that Newell used a computer, that the images were shared on LimeWire, and that the images were of a sadistic and masochistic nature. The modified condition permits Newell to access the Internet, but only with the prior approval of his probation officer. We conclude Special Condition 5 does not involve a greater deprivation of liberty than is reasonably necessary to advance deterrence and protect the public. *Cf. United States v. Lacy*, 877 F.3d 790, 794 (8th Cir. 2017) (citing *United States v. Durham*, 618 F.3d 921, 944 (8th Cir. 2010)).

*Id.* at 591.

This case satisfies both factors outlined in the Eighth Circuit's case law. First, defendant "did more than merely possess child pornography"; he used the Internet to persuade, induce, and entice children to produce pornographic depictions of themselves. (PSIR ¶¶ 5-6, 10-40).

Second, the condition is not a "total ban" on defendant's Internet use, because he can use the Internet with the prior written approval of the probation office and based on a justified reason. Therefore, the condition does not involve a greater

deprivation of liberty than is reasonably necessary, it will not prohibit him from functioning in society, and it is not overbroad.

Defendant argues that the term "justified reason" is vague, and he contends that the special condition "will effectively prohibit Mr. Meyer from being able to function in society when it comes to paying bills, applying for any type of aid, accessing his medical records, and so forth." (Defendant's Brief at 3). However, defendant offers no support for his argument that, based on the language "justified reason," the probation office will not permit him to use the Internet for legitimate purposes. In *Goettsch*, the court upheld a computer and Internet restriction, explaining that the defendant "may access computers for employment purposes and may obtain permission from his probation officer to use a computer for any other legitimate personal purpose." 812 F.3d at 1171.

An individualized inquiry into the facts and circumstances of this case shows that the proposed special condition in paragraph 151 is reasonably related to the factors under 18 U.S.C. § 3553(a). Defendant sexually exploited multiple children in order to produce child pornography, and the proposed special condition will help to prevent him from engaging in the online exploitation of children in the future.

### III. DEFENDANT HAS THE ABILITY TO PAY A FINE AND THE SPECIAL ASSESSMENT UNDER 18 U.S.C. § 3014

Defendant cites 18 U.S.C. § 3572(a) in support of his argument that "it would be error to impose a fine." (Defendant's Brief at 1). Section 3572(a)(1) provides that the court shall consider "the defendant's income, earning capacity, and financial resources . . . ."

Defendant has a net worth of $92,316.40. (PSIR ¶ 129). He receives a pension of $4,500 per month. (*Id.*). Defendant's arguments regarding the other factors in section 3572(a) do not support his argument that he is unable to pay a fine.

Given his assets and his pension income, defendant also has the ability to pay the special assessment under 18 U.S.C. § 3014. Further, in *United States v. Kelley*, 861 F.3d 790 (8th Cir. 2017), the court stated that, "in the context of § 3014 indigence determinations, an analysis of both a defendant's current financial situation and his ability to pay in the future is appropriate in determining his 'non-indigent' status." *Id.* at 801 (citation omitted).

The government requests the Court to order that any fine and special assessment be due and payable immediately.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on August 28, 2020.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO: Jill Johnston

7

Case 1:19-cr-00105-CJW-MAR   Document 58   Filed 08/28/20   Page 7 of 7